IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CIORROCCO'S, INC. d/b/a ROCCO'S PUB, <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Amber Collard ("Collard"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Ciorrocco's, Inc. d/b/a Rocco's Pub, ("Defendant") engaged in intentional discrimination against Collard when it demoted her because of her pregnancy in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1

1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a Georgia corporation doing business in the State of Georgia and the City of Jasper, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Collard filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On March 8, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 11, 2018, Defendant advised the Commission that it would not participate in conciliation.

9. On June 13, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least September 2016, Defendant has engaged in unlawful employment practices at its Jasper, Georgia restaurant, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a). Specifically, Defendant subjected

Collard to discrimination because of her pregnancy when it demoted her.

12. Collard was hired as a server and began working for Defendant in June 2016 at Defendant's restaurant located at 47 Mountainside Village Pkwy, Jasper, GA 30143 (the "Restaurant").

13. Upon information and belief, Daniel Ciorrocco is the owner of Defendant. Ciorrocco was also the manager of the Restaurant at all relevant times. There were no other management employees above Ciorrocco at the Restaurant and, upon information and belief, he had the authority to hire and fire employees at the Restaurant.

14. After working as a server for about a week, Collard was asked to train as a bartender.

15. In 2016, servers employed by Defendant earned $2.13 per hour plus tips while bartenders employed by Defendant earned $4.50 per hour plus tips. In addition, Collard was told that as a bartender, she would be trained to become a manager, which would further increase her pay.

16. In early June 2016, Collard learned that she was pregnant.

17. Soon after learning she was pregnant, Collard told the Restaurant's Assistant Manager that she was pregnant. The Assistant Manager responded that Ciorrocco would not like that because he is going to say, "why is that fat bitch

behind the bar."

18. Ciorrocco asked the Restaurant's other assistant manager if Collard was pregnant, and the assistant manager told him that Collard was pregnant.

19. In August 2016, Collard learned that Ciorrocco had hired a new female bartender to replace Collard because she was pregnant.

20. On or about September 9, 2016, Ciorrocco had a meeting with Collard and one of the restaurant's assistant managers and informed Collard that she would no longer be allowed to work as a bartender because she was pregnant. Ciorrocco told Collard that her being pregnant behind the bar "was not a good look". Ciorrocco also expressed his personal concern that Collard should not work as a bartender because it could endanger her unborn baby.

21. Collard was not allowed to work as a bartender after September 9, 2016, and was only assigned to work as a server.

22. Collard did not have any lifting restrictions related to her pregnancy.

23. From June 2016 until she was demoted in September 2016, Collard was able to perform the job of bartender despite being pregnant.

24. The effect of the practices complained of above has been to deprive Collard of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Collard.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from creating a work environment that is hostile to pregnant employees, demoting employees based on their pregnancy and otherwise engaging in any other employment practices which discriminate against pregnant employees.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Amber Collard whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including, but not limited to, front pay.

    D.    Order Defendant to make Amber Collard whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

    E.    Order Defendant to make Amber Collard whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Amber Collard punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

*/s/Steven A. Wagner*
Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6897 (direct)
(404) 562-6905 (facsimile)