IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CIORROCCO'S, INC. d/b/a ROCCO'S PUB,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>2:18-cv-00133-RWS-JCF<br><br><br><br>**CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Charging Party Amber Collard ("Collard") was demoted by Ciorrocco's, Inc. d/b/a Rocco's Pub ("Defendant") based on her pregnant status, in violation of Title VII, as amended by the Pregnancy Discrimination Act of 1978.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. Defendant denies any liability in this matter, and this settlement shall not be construed as an admission that Defendant has violated any law.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by subjecting any person to adverse employment action as a result of pregnancy.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Collard the sum of fifteen-thousand five hundred dollars ($15,500.00) in settlement of the claims raised in this action. Defendant shall

make payment by issuing a check payable to Collard. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Collard at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Collard. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Collard may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Collard any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2016-06339 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Collard with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Collard at an address provided by the Commission. Collard is free to disseminate the letter to potential employers. Defendant agrees that if it receives

3

any inquiry about Collard from a potential employer, it will provide only the information set forth in the letter of reference in response.

6.      Within thirty (30) days of the entry of this Consent Decree, Defendant shall create and implement an Equal Employment Opportunity ("EEO") policy which includes, but is not limited to, prohibiting discrimination against any person on the basis of sex or any other protected category within the meaning of Title VII. Defendant shall distribute the policy to all employees within forty-five (45) days of the entry of this Consent Decree by the Court and shall review it with new employees at the time of hire. Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission and provide a copy of the policy to the Commission. Defendant shall maintain this EEO policy throughout the term of this Decree.

7.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6 above in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within thirty (30) days after the Consent Decree is entered, Defendant will post the policy. Defendant shall report compliance with this provision to the Commission within sixty (60) days of the entry of this Consent Decree.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against discrimination on the basis of sex, including pregnancy status. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within ten (10) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant

5

shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within fifteen (15) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. the identities of all individuals who have reported any incidents of sex discrimination, including each person's name, address, telephone number, and position;

    B. for each individual identified in 10.A above, explain what actions were taken by Defendant in response to the individual's report;

    C. for each individual identified in 10.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    D. for each individual whose employment status has changed as identified in 10.B above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.A within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's restaurant, interview employees, and examine and copy documents.

12. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the Parties shall then have a period of ten (10) days or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Linwood Gunn at lgunn@rcglawyers.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

>Antonette Sewell, Regional Attorney
>Equal Employment Opportunity Commission
>Sam Nunn Atlanta Federal Center
>100 Alabama Street, SW
>Suite 4R30
>Atlanta, Georgia 30303

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**BY CONSENT:**

| | |
|---|---|
| */s/ Robyn M. Flegal* | */s/ Linwood Gunn* |
| Robyn M. Flegal | Linwood Gunn |
| Georgia Bar No. 599572 | Georgia Bar No. 315265 |
| | |
| Equal Employment Opportunity Commission | Roach, Caudill & Gunn, LLP |
| Atlanta District Office | 111 West Main Street |
| 100 Alabama Street, S.W. | P.O. Box 677 |
| Suite 4R30 | Canton, GA 30114 |
| Atlanta, Georgia 30303 | E: lgunn@rcglawyers.com |
| E: robyn.flegal@eeoc.gov | T: (770) 479-1406 |
| T: (404) 562-6882 | F: (770) 479-6171 |
| F: (404) 562-6910 | |
| | Counsel for Defendant |
| Counsel for Plaintiff | |


SO ORDERED, this /3th day of December, 2018.

_____
Judge, United States District Court for the
Northern District of Georgia, Atlanta Division

**[Company Letterhead]**

To Whom It May Concern:

Ciorrocco's Inc. d/b/a Rocco's Pub, operates a restaurant and bar in Jasper, Georgia. Amber Collard worked as a server and bartender in 2016, and performed well in these positions through her resignation in September 2016. Ms. Collard was a good employee and is eligible for rehire.

We wish Ms. Collard the best in her future endeavors.

Sincerely,

Dan Ciorrocco

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) ) | **2:18-cv-00133-RWS-JCF** |
| v. | ) ) | |
| **CIORROCCO'S d/b/a ROCCO'S PUB,** | ) ) ) | **EMPLOYEE NOTICE** |
| **Defendant.** | ) ) | |

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant Ciorrocco's, Inc. d/b/a Rocco's Pub ("Rocco's") in a case alleging discrimination on the basis of sex. Specifically, the U.S. Equal Employment Opportunity Commission alleged Rocco's discriminated against Amber Collard by demoting her based on her pregnant status. As part of the settlement, Rocco's agreed to pay monetary damages to Amber Collard and to take other actions set out in the Consent Decree resolving this matter. Rocco's agreed to settlement of this matter, but denied any liability.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      Rocco's will comply with such federal law in all respects. Furthermore, Rocco's will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000

TTY: 1-800-669-6820

5.      This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: December \_\_\_\_, 2021.

**EXHIBIT B**